KENNADAY, LEAVITT & DAPONDE PC
KELLI M. KENNADAY (SBN 155153)
kkennaday@kldlawgroup.com
NICOLE D. MOORE (SBN 288004)
nmoore@kldlawgroup.com
500 Capitol Mall, Suite 2260
Sacramento, California 95814

Telephone:   (916) 431-7757
Facsimile:    (916) 431-7756

Attorneys for Defendant
JOHNS MANVILLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| REMO RICCI, | Case No. 2:12-cv-02434-KJM-CKD |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL AND/OR PROPRIETARY INFORMATION** |
| v. | |
| JOHNS MANVILLE, | Complaint Filed: February 14, 2012<br>Trial Date:          August 4, 2014 |
| Defendant. | |

IT IS HEREBY STIPULATED THAT:

    1.    This Protective Order pertains to all asserted and amended claims, counterclaims, and defenses in this action and any and all other actions, which are consolidated into or may be deemed related to this action (the "Action").  Plaintiff and Defendant and any Cross-Complainants, intervenors, and Cross-Defendants in the Action, and any and all Plaintiffs and Defendants in any related or consolidated lawsuits are hereinafter referred to as the "Parties."  This Protective Order pertains to all Parties to the Action and any additional parties which may be added after its enactment.

    2.    Good cause exists for the issuance of this Protective Order ("Order") in that the Parties need to have reasonable access during the discovery process to information relevant to liability and damages in this lawsuit while providing the Parties with a means for limiting access

1  to, and disclosure of, confidential, private, proprietary, or trade secret information.

2      3.    The purpose of this Order is to create a mechanism to protect and safeguard the
3  disclosure of information that is allegedly confidential, private, proprietary, or a trade secret.  This
4  Order is intended to regulate the handling and use of documents, information, and testimony
5  throughout the discovery process and up to and including the trial and final disposition of the
6  Action.

**CONFIDENTIAL INFORMATION**

8      4.    The Parties, or any third-party responding to or propounding a subpoena, may
9  designate all or a portion of any document, thing, material, testimony or other information derived
10 therefrom as "CONFIDENTIAL INFORMATION" under the terms of this Order.

11     5.    Any document, thing, material, testimony or other information derived therefrom
12 designated as CONFIDENTIAL INFORMATION under this Order may be used only for the
13 purpose of prosecution, defense, discovery, trial, mediation and/or settlement, or appeal of this
14 Action, and not for any other purpose.  CONFIDENTIAL INFORMATION includes any
15 information, testimony, or material that is confidential or properly the subject of a protective
16 order, such as non-public financial records, company handbooks, training materials, policies,
17 procedures and guidelines, contracts and proprietary manufacturing processes and procedures.
18 CONFIDENTIAL INFORMATION does not include public records or records that are accessible
19 through a Public Records Act request.  The production, use, exchange, and/or handling of such
20 CONFIDENTIAL INFORMATION as testimony, documents, or materials, or any other form
21 shall not constitute a waiver of any claims or defenses.

22     6.    CONFIDENTIAL INFORMATION shall be so designated by stamping or
23 otherwise marking copies of the document, information, or material produced with the legend
24 "CONFIDENTIAL INFORMATION."  Stamping or otherwise marking the legend
25 "CONFIDENTIAL INFORMATION" on the cover of any multi-page document, information, or
26 material shall designate all pages of the document and the entire content as CONFIDENTIAL
27 INFORMATION, and marking on a label on any electronic storage medium shall designate the

KENNADAY, LEAVITT
& DAPONDE PC
ATTORNEYS AT LAW
SACRAMENTO

00009607.1     -2-
STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL AND/OR PROPRIETARY INFORMATION

contents of such electronic storage medium as CONFIDENTIAL INFORMATION. "CONFIDENTIAL INFORMATION" markings will not interfere with the parties' ability to read the document, nor shall such markings render the document illegible.

7.  Either side may designate each other's documents, things, materials, testimony or other information derived therefrom as CONFIDENTIAL INFORMATION as necessary to protect the privacy or confidentiality of the designating party's information by giving written notice of such a designation.  For example, if Plaintiff designates all or portions of any document, thing, material, testimony or other information derived therefrom received by the Defendants or vice versa as CONFIDENTIAL INFORMATION, then all sides shall promptly mark any copies of such materials as CONFIDENTIAL INFORMATION.

8.  CONFIDENTIAL INFORMATION produced pursuant to this Order shall be disclosed, revealed, copied or disseminated only to the Court and its personnel, empanelled jurors, any discovery referees, any neutrals or mediators retained for alternative dispute resolution purposes, employees or agents of the parties, counsel of record for the Parties, their associate attorneys, of counselors, the in-house counsel for any party, paralegals, secretaries and clerical staff, court or deposition reporters, videographers, photocopy services, and litigation support service professionals, a witness who prepared or received material designated as CONFIDENTIAL INFORMATION prior to its production and/or a witness who is the custodian of such records, and experts and consultants retained by the Parties in the prosecution, defense, or settlement of this action ("CONFIDENTIAL INFORMATION QUALIFIED PERSONS").

9.  Testimony taken at a deposition or other hearing may be designated as CONFIDENTIAL INFORMATION by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing information designated as CONFIDENTIAL INFORMATION to bind separately such portions of the transcript containing information designated as CONFIDENTIAL INFORMATION, and to label such portions appropriately.  Electronic versions of depositions transcripts and videotape versions of any transcripts shall be used only by the lawyers in this

KENNADAY, LEAVITT
& DAPONDE PC
ATTORNEYS AT LAW
SACRAMENTO

00009607.1                            -3-
STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL AND/OR PROPRIETARY INFORMATION

action. Such electronic versions of transcripts and videotaped versions need not be segregated for information that is protected under this Order, and information which is not protected. After a deposition or hearing has been completed (defined as the date the transcript of the deposition or hearing is made available to counsel), counsel for the parties shall also have the opportunity for fifteen (15) court days to clarify in writing which excerpts on the record are designated CONFIDENTIAL INFORMATION.

10. To the extent that Plaintiff wishes to video record any portion of Defendant's Willows Plant, such video recordings may only be made of those portions of the Plant that are at issue in this action by virtue of the allegations set forth in Plaintiff's Second Amended Complaint.

**GENERAL PROVISIONS**

11. A party may designate any documents or electronic storage media or other tangible thing produced by another Party and/or third party as CONFIDENTIAL INFORMATION within fifteen (15) court days of the service of such documents and/or information by so advising the other Part(ies) in writing.

12. If CONFIDENTIAL INFORMATION is included in any papers to be submitted in this Court, such documents or materials shall be filed in accordance with Local Rule 141 or redacted.

13. Any hearing in which any party mentions, refers to, or describes CONFIDENTIAL INFORMATION may, in the Court's discretion, be in camera or with any persons who are not CONFIDENTIAL INFORMATION QUALIFIED PERSONS excused from the proceedings during the presentation of such testimony.

14. Third-party witnesses and the counsel of record for such third-party witnesses responding to subpoenas or during the course of a deposition of such a third-party shall have the same rights and obligations concerning CONFIDENTIAL INFORMATION as set forth herein.

15. Any compilations, copies, or derivative works that contain CONFIDENTIAL INFORMATION shall be afforded the same protection as the underlying CONFIDENTIAL INFORMATION which may be contained within such materials.

16. The designation of any materials or testimony designated as CONFIDENTIAL INFORMATION may be challenged by any party, but prior to such a challenge, both sides must engage in reasonable written meet and confer efforts before raising such issues with the Court or appointed discovery referee. This Court discourages unnecessary law and motion practice over matters which should be resolved amongst the Parties.

17. The terms of this Order shall survive the final termination of this action and shall be binding on the Parties thereafter.

18. Within thirty (30) days of the termination or settlement of this action, the lawyers shall confirm in writing that all copies of CONFIDENTIAL INFORMATION have been gathered and filed away with their respective offices for safekeeping or returned to the Party to whom the CONFIDENTIAL INFORMATION belongs. In the case of video recordings containing CONFIDENTIAL INFORMATION, such video recordings (including all copies) shall be destroyed and confirmation of destruction given to counsel for Defendant within 30 days of the termination or settlement of the action.

19. This Order is subject to modification by stipulation, written agreement, or by further order of the Court or appointed discovery referee.

20. Nothing contained in this Order shall be construed to be a waiver of any of the Parties of any rights to refuse to disclose information protected by any privilege or other objection. The foregoing is without prejudice to any of the Parties to apply to the Court for an order compelling production of documents or information withheld on the ground of an asserted privilege or objection.

IT IS SO STIPULATED.

DATED: January 24, 2014                    KENNADAY, LEAVITT & DAPONDE PC

                                            By:    /s/ KELLI M. KENNADAY
                                                   KELLI M. KENNADAY
                                                   Attorneys for Defendant
                                                   JOHNS MANVILLE

| | |
|---|---|
| DATED: January 24, 2014 | BOHM LAW GROUP |

By: _____/s/ BIANCA N. SAAD_____
*(As Authorized on January 24, 2014)*
BIANCA N. SAAD
Attorneys for Plaintiff
REMO RICCI

**IT IS SO ORDERED.**

Dated: January 29, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

KENNADAY, LEAVITT
& DAPONDE PC
ATTORNEYS AT LAW
SACRAMENTO

00009607.1                                -6-
STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL AND/OR PROPRIETARY INFORMATION